## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **RONALD PERRY,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:23-cv-00242** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **MAJOR O'DELL,** | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Ronald Perry, an inmate proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. § 1983 against Major O'Dell, a correctional officer at the New River Valley Regional Jail. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.        Background

Perry is currently incarcerated at the New River Valley Regional Jail. Compl., ECF No. 1, at 1. He alleges that he has "been denied any way of contacting [his] attorney about [his] case." <u>Id.</u> at 2. He states that he wants to file a civil rights action against the jail. <u>Id.</u> at 3.

### II.        Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (internal quotation marks and citation omitted).

Where, as here, a complaint was filed <u>pro se</u>, it must be construed liberally. <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of <u>pro se</u> complaints are not, however, without limits." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). A <u>pro se</u> complaint "must still 'state a claim to relief that is plausible on its face.'" <u>Sakyi v. Nationstar Mortg., LLC</u>, 770 F. App'x 113, 113 (4th Cir 2019) (quoting <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014)).

## III.   Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" <u>Loftus v. Bobzien</u>, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting <u>Crosby v. City of Gastonia</u>, 635 F.3d 634, 639 (4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the

court concludes that it fails to state a plausible claim for relief under § 1983 against the named defendant.

First, the complaint does not contain sufficient facts to state a constitutional claim for denial of access to the courts. To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Perry's complaint does not satisfy this requirement. It is unclear from the complaint whether Perry wishes to speak to his attorney about a criminal matter or a potential civil action. In any event, because Perry does not allege that he has been hindered in pursuing a nonfrivolous claim, his complaint fails to state a claim for denial of access to the courts. See, e.g., Monroe v. Beard, 536 F.3d 198, 206 (3rd Cir. 2008) (holding that the plaintiffs failed to state an access-to-courts claim where they "alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous").

For similar reasons, the complaint fails to state a plausible violation of the Sixth Amendment right to counsel. "[T]he Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel." Mann v. Reynolds, 46 F.3d 1055, 1060 (10th Cir. 1995). Consequently, the "general allegation that [the plaintiff] was denied telephone contact with his attorney[]—without regard to the duration of the contact restriction, the nature of the legal proceedings happening at the time, or the type of harm that resulted—is insufficient to show that he 'plausibly (not just speculatively) has a claim for relief.'" Aurelio v. Joyce, 683 F. App'x 731, 735 (10th Cir. 2017) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008)); see also United States v. Morrison, 449 U.S. 361, 365 (1981) (explaining that relief for infringement of the right to counsel requires "some adverse effect upon the effectiveness of counsel's representation or . . . some other prejudice to the defense").

Finally, the complaint does not allege that Major O'Dell was personally involved in the underlying events. It is well settled that prison officials cannot be held liable under § 1983 merely because they hold managerial or supervisory positions. Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983). Because the complaint does not satisfy this requirement with respect to the only named defendant, it fails to state a claim upon which relief may be granted.

## IV.   Conclusion

For the foregoing reasons, the court concludes that Perry's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses.* An appropriate order will be entered.

Entered: June 22, 2023

Digitally signed by Michael F.
Urbanski      Chief U.S. District
Judge
Date: 2023.06.22 16:16:22 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

* The court notes that Perry's allegations largely mirror those asserted in Perry v. New River Valley Regional Jail, No. 7:23-cv-00240 (W.D. Va.). Perry is advised that he may not file duplicative complaints against the same defendant asserting the same claims for relief. Any duplicative action will be dismissed. See McClary v. Lightsey, 673 F. App'x 357, 357 (4th Cir. 2017) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious . . . .").